UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IGOR V. BORBOT,

        Petitioner,

v.

ERIC TAYLOR,

        Respondent.

Civil Action No. 17-4646 (JLL)

OPINION

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of *habeas corpus* of Petitioner, Igor v. Borbot filed pursuant to 28 U.S.C. § 2241 (ECF No. 1). As Petitioner has paid the applicable filing fee, this Court is required to screen his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions pursuant to Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, this Court will dismiss the petition.

**I. BACKGROUND**

Petitioner, Igor V. Borbot, is a Russian citizen who entered the United States in September 2014. (ECF No. 1 at 3). On April 22, 2016, Petitioner was arrested by immigration officials and entered into removal proceedings because Petitioner had overstayed his visa. (Id.). Immigration officials chose to detain Petitioner, rather than release him with a notice to appear, because Petitioner is subject to an Interpol Red Notice which indicates that Petitioner is wanted in Russia on criminal fraud charges. (Id.). Since his being placed in detention, Petitioner has remained

detained pursuant to 28 U.S.C. § 1226(a) while he has litigated his removal proceedings and his pending application for asylum. (Id.).

Following his placement into immigration detention, Petitioner was afforded a bond hearing before an immigration judge on May 31, 2016. (Id. at 4). Following his hearing, however, the immigration judge handling Petitioner's case denied his request for release on bond because the immigration court found that Petitioner had failed to show that he was not a danger to the community based on the Red Notice which indicated that Petitioner was wanted on fraud charges in his home country. (Id.). During that hearing, Petitioner had apparently tried to argue that these charges were politically motivated, and that he had prevailed in a Russian civil suit surrounding the same incident which gave rise to the criminal fraud charges, but the immigration judge did not find that argument availing, and thus denied bond. (Id.).

Petitioner appealed the denial of his bond request to the Board of Immigration Appeals ("BIA"). The BIA, however, denied his appeal on September 1, 2016. (See ECF No. 1-6). In dismissing that appeal, the BIA explained as follows:

> [A]fter conducing a bond hearing, the Immigration Judge denied [Petitioner]'s request for release, concluding that he had not carried his burden of proving that he would not pose a danger to the community if released. In support of that determination, the Immigration Judge relied upon the fact that [Petitioner] – a former shipbuilding official in Russia – is wanted in his home country on fraud charges arising from the alleged embezzlement of a large sum of money that had been allocated to build a shipyard in Russia's Far East. Although the charges remain pending, the Immigration Judge found that the alleged facts of the case – as reflected in an Interpol Red Notice and associated documents – are serious enough to indicate that [Petitioner]'s release would pose a danger to property in the United States. This timely appeal followed.
>
> [Petitioner] argues that the Immigration Judge's dangerousness assessment gave too much weight to his pending criminal charges in Russia. Specifically, [Petitioner] maintains that the Interpol Red Notice "is by no means an arrest warrant or any

2

indication of a presumption of guilt." Further, he claims that he is innocent and that the pending charges are a pretext, lodged in retaliation for his political opposition to the government of Russian President Vladimir Putin. In support of this later claim, [Petitioner] points to evidence of corruption and political manipulation within the Russian justice system.

Although we understand [Petitioner]'s arguments, an alien in bond proceedings is not entitled to the benefit of the doubt when it comes to evidence of potential dangerousness. On the contrary, it is [Petitioner]'s burden to satisfy the Immigration Judge that he does not pose a danger to the community. *See Matter of Fatahi*, [26 I&N Dec. 791, 793-95 & n. 3 (BIA 2016)]. As in most cases, the evidence here is subject to more than one interpretation; however, we discern no error in the Immigration Judge's choice to credit the Interpol Red Notice and its associated documents when assessing [Petitioner]'s potential dangerousness. Immigration Judges are not limited to considering only criminal convictions in assessing whether an alien is a danger to the community. *See Matter of Guerra*, [24 I&N Dec. 37, 40-41 (BIA 2006)]. Any evidence that is probative and specific – including evidence of unfavorable conduct for which [Petitioner] has not yet been convicted – is pertinent to the dangerousness analysis. *Id.* at 41. Of particular significance here, the Interpol Red Notice and its associated documents reflect that [Petitioner] is the subject of an outstanding arrest warrant in Russia and that he is believed to have fled that country with many millions of dollars in embezzled funds. The existence of those outstanding charges is entitled to considerable weight in the dangerousness calculus, despite [Petitioner]'s as-yet unsubstantiated assertion that they are pre-textual.

In bond proceedings, a finding of future dangerousness is legally dispositive of the alien's eligibility for release. *See Matter of Urena*, [25 I&N Dec. 140, 141 (BIA 2009)] ("Dangerous aliens are properly detained without bond"); *Matter of Drysdale*, 20 I&N Dec. 815, 817 (BIA 1994) ("[I]f the alien cannot demonstrate that he is not a danger to the community upon consideration of the relevant factors, he should be detained in the custody of [immigration officials]"). As [Petitioner] has not demonstrated that the Immigration Judge's dangerousness finding lacked a reasonable foundation in the record, we conclude that the Immigration Judge properly denied his request for release on parole.

(ECF No. 1-6 at 3-4).

On February 28, 2017, Petitioner moved for reconsideration of the denial of bond, and once again requested that he be released on bond. (ECF No. 1 at 7). On April 13, 2017, the Immigration Judge denied that request, apparently finding that there had been no material change in circumstances and that Petitioner had not shown that he was not a danger. (ECF No. 1-2 at 4).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), *habeas* relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to review Petitioner's *habeas* petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to the Rule, the Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### B. Analysis

4

In his petition, Petitioner seeks to present three claims for *habeas* relief. First, he argues that the immigration judge and the BIA "abused [their] discretion" (ECF No. 1 at 9) in denying him release on bond when the facts of Petitioner's case did not warrant a finding of dangerousness. Second, Petitioner argues that his continued detention without an additional bond hearing where the Government bears the burden of proof denies him Due Process because his situation is analogous to that of an alien subject to mandatory detention under 8 U.S.C. § 1226(c) and his detention has become overlong. Finally, Petitioner argues that he has been denied Due Process because his detention hinders his ability to meet with his attorneys in Russia which he claims has a bearing on his asylum claim. This Court will address each claim in turn.

In his first claim, Petitioner essentially asks the Court to find that the immigration court and BIA "abused [their] discretion" and were thus mistaken in rejecting his arguments for bond. That argument essentially asks this Court to sit in appellate review over the immigration courts and BIA. This Court has no such authority. Pursuant to 8 U.S.C. § 1226(e), "[n]o court may set aside any action or decision by [immigration officials] under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." This Court, therefore, lacks jurisdiction to review the denial of bond by the immigration judge and BIA, and likewise has no authority to order Petitioner released based on any "abuse of discretion" of the immigration courts. *See, e.g., Pena v. Davies*, No. 15-7291, 2016 WL 74410, *2 (D.N.J. January 5, 2016). Petitioner's disagreement with the immigration courts' conclusions is no basis for *habeas* relief.

Although not couched as a separate claim, Petitioner also asserts that the immigration courts abused their discretion by placing the burden of proof on him to show that he was not dangerous, which he contends was error. Petitioner is mistaken. Aliens detained pursuant to § 1226(a), such as Petitioner, are entitled to a bond hearing, but at that bond hearing *the alien* must

"demonstrate that they would not pose a danger to property and persons and [that] they are likely to appear for future proceedings." *Contant v. Holder*, 352 F. App'x 692, 695 (3d Cir. 2009) (citing 8 C.F.R. § 236.1(c)(8)); *see also Matter of Fatahi*, 26 I&N Dec. at 793-95, n. 3. The burden of demonstrating a lack of dangerousness and that an alien is not a flight risk in a bond hearing under § 1226(a) thus rests on the alien, not the Government. Likewise, in a bond redetermination, it is the alien who must "show[] that his 'circumstances have changed materially since the prior bond redetermination.'" *Contant*, 352 F. App'x at 695 (quoting 8 C.F.R. § 1003.19(e)). Thus, in both a bond hearing, or bond redetermination, under § 1226(a) the alien must show that he is not a danger or that circumstances have changed, and the immigration courts in this matter did not deny Petitioner Due Process by mislaying the burden of proof.

In his second claim, Petitioner asserts that his detention has become overlong, and that he should therefore be entitled to a bond hearing where the Government bears the burden of proof pursuant to *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). Both *Diop* and *Chavez-Alvarez*, however, were directed at aliens subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) who were not entitled to a bond hearing absent an order from a court sitting in *habeas* review. Neither case addressed those aliens, such as Petitioner, who were already entitled not only to a bond hearing but also bond redeterminations under § 1226(a). *See Contant*, 352 F. App'x at 695-96 (distinguishing § 1226(a) detainees from § 1226(c) detainees); *see also Garcia v. Green*, No. 16-0565, 2016 WL 1718102, at *3-4 (D.N.J. Apr. 29, 2016) (finding that the proper procedure for a § 1226(a) detainee seeking a new bond hearing is to file for a bond redetermination, rather than seek habeas relief under *Diop* and *Chavez-Alvarez*). Petitioner is not an alien subject to indefinite detention with no statutory right to a bond hearing. Instead, he is a discretionary detainee who has

received, by right, both a bond hearing and a bond redetermination, the most recent of which was conducted by the immigration judge just three months ago. Petitioner's situation is entirely distinguishable from that addressed in *Diop* and *Chavez-Alvarez*, and, thus, neither case suggests that he is entitled to relief. Petitioner has already had two opportunities to present his case for bond before an immigration judge and one before the BIA.

This Court is aware of no case law in this circuit suggesting that such an alien is entitled to a new bond hearing absent a showing that he was denied procedural Due Process during his first hearing. *See, e.g., Garcia*, 2016 WL 1718102 at *3 (Court can grant a new bond hearing to § 1226(a) detainee where the original hearing was conducted unlawfully or was not held at all, but cannot overrule denial of release after a bona fide hearing); *see also Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) (same). Petitioner has presented no basis for finding that his first bond hearing denied him Due Process or was otherwise unlawful other than his own dissatisfaction and his erroneous argument that he was not required to show that he was not dangerous at his bond hearing, and as such has not presented any valid basis for the Court to grant him a new hearing in light of the two hearings and full appeal he already received.

In his final claim, Petitioner asserts that his continued detention denies him Due Process because it hinders his ability to present his asylum claims to the immigration courts as he has been unable to fully communicate with his attorneys in Russia. (ECF No. 1 at 7, 13). Petitioner presents few facts in support of this claim, and does not explain how he is hindered any more than any other alien subject to confinement during his removal proceedings. Petitioner does not contend that he has been denied contact with his local attorneys in the United States, only his Russian lawyer. Petitioner has presented no caselaw in support of the assertion that such an argument presents a valid *habeas claim*, and this Court is aware of no authority to that effect. As Petitioner has not

7

elaborated on this claim, nor explained, why he cannot communicate with his foreign attorneys through is attorneys in the United States, and as the Court is not aware of any basis for granting a bond hearing or release from detention on such a claim,[1] this claim will be dismissed without prejudice at this time.

## III. CONCLUSION

For the reasons expressed above, this Court will dismiss Petitioner's petition for a writ of *habeas corpus* (ECF No. 1) without prejudice in its entirety. An appropriate order follows.

JOSE L. LINARES
Chief Judge, United States District Court

---

[1] The Court also notes that this claim goes to the Due Process Petitioner receives in his *substantive* immigration hearings, and does not address the process he received in his detention relating hearings. As habeas jurisdiction exists only to address claims asserting that a petitioner is *in custody* in violation of federal law, it is not clear that jurisdiction exists to address such a claim under § 2241.